IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 25 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

STEVEN WADE CHANDLER,              §
                                   §
            Petitioner,            §
                                   §
VS.                                §    NO. 4:15-CV-579-A
                                   §
RODNEY W. CHANDLER, WARDEN,        §
                                   §
            Respondent.            §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the petition of Steven Wade Chandler ("Chandler") for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court, having considered the petition, the response of Rodney W. Chandler, Warden, the record, and applicable authorities, finds that the petition should be denied.

I.

## Background

On January 9, 2006, Chandler was arrested by the Denton County Sheriff's Department and charged with possession of a controlled substance with intent to deliver and other related crimes. On January 10, 2006, the Texas Department of Criminal Justice issued a parole revocation warrant in connection with Chandler's violation of conditions of parole in certain Dallas County court cases.

On October 12, 2006, in the Eastern District of Texas, Chandler was named in an indictment charging him and others with conspiracy to manufacture, distribute, and possess with intent to manufacture, distribute or dispense methamphetamine, in violation of 21 U.S.C. § 846. On November 3, 2006, the United States Marshals Service took Chandler into custody pursuant to a writ of habeas corpus ad prosequendum.[1] Doc. 10 at 1-2. While Chandler was in federal custody, Denton County dropped the charges against him, but the state parole violation charges remained.[2] Chandler pleaded guilty and, on October 5, 2007, was sentenced to a term of imprisonment of 188 months, to be followed by a five-year term of supervised release. Id. 10 at 40-42. On October 15, 2007, Chandler was returned to the Denton County Jail. Id. at 37-38.

On October 25, 2007, the State of Texas revoked Chandler's parole. Id. at 34; 50. He was released from State custody on June 19, 2009, and taken into custody by the United States Marshals Service to begin service of his federal sentence. Id. at 34; 50; 53.

---

[1] Chandler recognizes that he was "borrowed" from state custody for prosecution on the federal charge. Doc. 2 at 4. (The "Doc." reference is to the docket in this action.)

[2] Chandler erroneously alleges that his PSR states that no detainers and no pending charges existed. Doc. 2 at 4. The PSR mentions in several places that there is a state hold for parole violations. Doc. 12 at 003, 014-16.

Chandler has sought credit on his federal sentence for time spent in state custody between January 9, 2006, and June 19, 2009. He has been awarded one day of prior custody credit for January 9, 2006, which had not been credited to his state sentence. Other relief was denied and Chandler has exhausted his administrative remedies.

## II.

### Grounds of the Petition

Chandler asserts that he is entitled to credit toward his federal sentence for the period of time beginning January 9, 2006, when he was arrested in Denton County, until June 19, 2009, when he was returned to federal custody to begin serving his federal sentence. He breaks his argument into three parts under the headings "pre-sentence credit," Doc. 2 at 8, "post sentence credit," id. at 11, and "§ 3585(b) exception for credit," id. at 13.

## III.

### Analysis

Chandler's entire argument is premised on the erroneous contention that, because the Denton County charges were dropped and his state parole was not revoked until after he had been sentenced in federal court, he was actually in federal custody-that is, primary jurisdiction of the federal government--

3

from the date of his Denton County arrest until June 19, 2009. He overlooks his own admission that he was originally "borrowed" from state custody pursuant to the writ of habeas corpus ad prosequendum issued by the federal court.

The first sovereign to arrest an offender has priority of jurisdiction over him. Ponzi v. Fessenden, 258 U.S. 254, 260 (1922); United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). This jurisdiction continues until it is relinquished. Id. A writ of habeas corpus ad prosequendum, as here, requires the prisoner returned to state custody when the proceedings are completed. United States v. Londono, 285 F.3d 348, 356 (5th Cir. 2002); Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991). The writ effects a loan of the prisoner, whose sentence commences to run when the prisoner is received to start serving it. Causey v. Civiletti, 621 F.2d 691, 693-94 (5th Cir. 1980).

In this case, Chandler argues that the state relinquished custody of him when it dismissed the Denton County charges. However, nothing in the record supports this argument. Nor do any of the cases he cites. Instead, the record shows that the state continued to have primary jurisdiction over Chandler for parole violations. As recited, supra, the PSR reflects that Chandler was subject to a state hold for such violations. As Chandler notes, a

4

PSR is considered reliable evidence. <u>United States v. Fitzgerald</u>, 89 F.3d 218, 223 (5th Cir. 1996).

Chandler further argues that the Marshals Service somehow retained custody of him when it returned him to Denton County following imposition of his federal sentence. The argument makes no sense and is not supported by the record in any event.

Chandler's federal sentence does not reflect that it was to run concurrently with any state sentence; hence, it is presumed that it will be served consecutively. <u>Free v. Miles</u>, 333 F.3d 550, 553 (5th Cir. 2003). The record reflects that Chandler has been appropriately credited for time served, both on his state and federal sentences. He has not shown that he is entitled to any credit pursuant to <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971). <u>Edison v. Berkebile</u>, 349 F. App'x 953, 956 (5th Cir. 2009).                    IV.

<u>Order</u>

For the reasons discussed herein,

The court ORDERS that Chandler's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, denied.

SIGNED September 25, 2015.

JOHN McBRYDE
United States District Judge

5